

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 0468 | DATE | March 24, 2011 |
| CASE TITLE | Shawn Burden (#2010-0303114) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Shawn Burden, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been infected with tuberculosis at the Cook County Jail. He alleges that he was infected because the Cook County Jail did not complete health inspections the way it was supposed to. The only Defendant named in Plaintiff's complaint is Cook County Sheriff Tom Dart.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.50. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint. To the extent Plaintiff is attempting to allege unconstitutional conditions of confinement, in order to state a claim, he must allege that Defendants acted or failed to act with a culpable state of mind. "[A] prison official may be held liable under the Eighth Amendment
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."*Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006); *citing Farmer v. Brennan*, 511 U.S. 825, 847(1994).

      What Plaintiff seems to be alleging in his complaint is negligence against staff working at the Cook County Jail in not conducting health inspections correctly. Negligence or even gross negligence on the part of correctional officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Accordingly, Plaintiff should amend his complaint only to the extent that he can allege pursuant to his obligations under Fed. R. Civ. P. 11(a) that Defendants were not merely negligent, but had subjective knowledge of the risk to him of contracting tuberculosis and turned a blind eye.

      For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.

*Wm. J. Hibbler*