# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0468 | **DATE** | June 28, 2011 |
| **CASE TITLE** | Shawn Burden (#2010-0303114) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Upon review pursuant to 28 U.S.C. 1915A, the Court finds that Plaintiff may proceed with his amended complaint. However, Cook County Jail Health Care is dismissed as a Defendant. The Clerk is directed to amend the caption of the complaint to dismiss Cook County Jail Healthcare as a Defendant and to reinstate Tom Dart as the Defendant. The Clerk is further directed to issue summons for Defendant Tom Dart, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]                                                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Shawn Burden, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted his amended complaint, as ordered. Plaintiff appears to alleges that because of a failure to properly inspect inmates for tuberculosis at the Cook County Jail, he was put at risk of infection. The only Defendant named in Plaintiff's original complaint was Cook County Sheriff Tom Dart. In his amended complaint, Plaintiff names Cook County Jail Health Care.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Dart for deliberate indifference to a substantial risk of serious harm. *See, e.g., Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *see also Ramey v. Velasco*, Case No. 99 C 1365 2004 LEXIS 24326, *8, (N.D. Ill, December 1, 2004) (Zagel, J.) While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

Plaintiff is advised that according to the Court in *Ramey*, with respect to tuberculosis in jail settings, while exposure to tuberculosis can be a serious risk to a detainee's health, "[t]he positive skin test shows only that a person has been exposed, not that he has the disease. If defendants failed to have screening devices in place, that could be evidence of deliberate indifference. However, in this case the defendants had a testing program in place, further screening through x-rays for those who tested positive from the skin test, and then the provision of prophylactic medication for those who showed no sign of the disease." *Id.* It is not entirely clear from Plaintiff's complaint whether he contracted the illness or not, but he does plead that he was given a course of medication (Rifampin) (which indicates the existence of a screening program), to protect him and other detainees from the possible spread of disease.

Plaintiff named Sheriff Tom Dart as the sole Defendant in his original complaint. In his amended complaint, Plaintiff names the Cook County Jail Health Care, which is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, the Clerk is directed to dismiss Cook County Jail Health Care as a Defendant and reinstate Defendant Tom Dart as a Defendant. An inference of
**(CONTINUED)**

## STATEMENT (continued)

involvement is justified to sustain claims asserted against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged "potentially systemic," rather than "clearly localized," constitutional violations. *Id.* at 1428-29. Although Plaintiff does not make any allegation of direct involvement on the part of Tom Dart, the allegations made in his complaint appear to be more "potentially systemic" than "clearly localized."

The Clerk shall issue summons for service of the complaint on Defendant Dart (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

*Wm. J. Hibbler*