# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAWN BURDEN (#S-00566), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 0468 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| TOM DART, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shawn Burden, an inmate presently incarcerated at Logan Illinois Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, Plaintiff alleges that the Defendant, Cook County Sheriff Tom Dart (hereinafter, "Defendant"), violated his constitutional rights by being deliberately indifferent to a substantial risk of serious harm while he was incarcerated at the Cook County Jail. More specifically, he alleges that he was healthy when he entered the jail, but was exposed to tuberculosis requiring him to take medication and causing him pain, suffering, and mental stress.

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim [#17]. In his motion, Defendant argues that Plaintiff's complaint is deficient because Plaintiff does not satisfactorily plead a violation of his Eighth Amendment Rights with respect to exposure to tuberculosis. Defendant argues that because the Cook County Jail has a testing program in place and that Plaintiff does not allege that he became infected, he has failed to state a cause of action for deliberate indifference. For the reasons stated in this order, Defendant's motion to dismiss is denied.

It is well established that pro se complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)).

Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, (1957)). The allegations "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted)

## ANALYSIS

**Plaintiff has Adequately Pled Deliberate Indifference.**

Claims of pre-trial detainees, such as Plaintiff, are brought pursuant to the Fourteenth Amendment's Due Process Clause but are analyzed like claims brought by prisoners pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758 (7th Cir. 2005). "The Eighth Amendment protects a detainee not only from deliberate indifference to his or her current serious health problems, but also from deliberate

indifference to conditions posing an unreasonable risk of serious damage to future health." *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). To prevail under either theory, Plaintiff must ultimately prove an objectively, sufficiently serious medical need and that Defendant acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Negligence or even gross negligence is not enough; rather [Plaintiff] must show *actual intent or deliberate indifference* on the part of state actors in order to make out an eighth amendment claim." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (*quoting James v. Milwaukee Co.*, 956 F.2d 696, 699 (7th Cir. 1992) (emphasis in original)).

However, at the pleading stage, Plaintiff need only satisfy notice pleading and the requirements of Fed. R. Civ. P. 8(a), providing "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, (1957)). Plaintiff pleads in his amended complaint that when he arrived at the Cook County Jail, he was healthy, and that he was placed in proximity with other detainees suffering from tuberculosis. As a result of his exposure to the bacteria, he was forced to undergo testing and treatment that caused him pain in his kidneys and mental health issues.

Defendant relies on several cases in his argument for dismissal of Plaintiff's complaint. *see Ramey v. Velasco*, Case No. 99 C 1365, 2004 LEXIS 24326 *8 (N.D.Ill. December 1, 2004) (Zagel, J.); *McCroy v. Sheahan*, 383 F.Supp.2d 1010, 1013 (N.D. Ill. 2005), *aff'd,* 188 Fed Appx. 523 (7th Cir. 2006), and *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). All three cases were brought by plaintiffs who entered correctional institutions healthy, and who, while incarcerated, were exposed to tuberculosis. The courts in these cases reasoned that defendants

3

cannot be found to be deliberately indifferent so long institutions have protocols in place reflecting government health agency recommendations, even if infection occurs due to error. Defendant then argues, without evidentiary support, that Cook County Jail's tuberculosis screening procedures, as a matter of law, defeat Plaintiff's claims.

*Ramey,* and *McCroy* were decided in the district court at the summary judgment stage of litigation. In *Forbes*, the defendants filed a motion to dismiss that the judge converted to a motion for summary judgment, finding that the record required further development, stating that he needed certain medical information and a full statement of Dwight Correctional Center's procedures for dealing with TB. *See Forbes*, at 264. Just like in *Ramey, McCroy*, and *Forbes,* the Court cannot resolve factual disputes at this procedural posture; Defendant's arguments are best left for summary judgment. *Roger C. v. Valley View Pub. Sch. Dist. #365-U*, Case No. 08 C 1254, 2008 U.S. Dist. LEXIS 48729, *26 (N.D. Ill. June 23, 2008) (St. Eve, J); citing *Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998) ("factual question[s]" are "not appropriately resolved on a motion to dismiss the complaint").

Were the Court to accept Defendant's argument that Cook County Jail's tuberculosis testing and treatment protocols defeat Plaintiff's claim as a matter of law, the Court would be required to make inferences in favor of Defendant instead of Plaintiff, which the Court cannot do. *See Bell Atlantic Corp.,* 550 U.S. at 555-56. As the Court must draw inferences in favor of Plaintiff at this stage of the case, and the cases cited by Defendant in support of his motion were decided on review of evidence on summary judgment, Defendant's motion is denied, and he must answer Plaintiff's complaint

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#17] is denied. Defendant Dart must answer Plaintiff's complaint, or to otherwise plead within 30 days of the date of this order. This matter is set for a status hearing on July 10, 2012 at 9:30AM.


Dated: May 22, 2012

_____/s/_____
Joan B. Gottschall
United States District Court Judge